UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKIE HODGE,

                          Plaintiff,

          -against-

THE CITY OF NEW YORK; RNDC
DEPUTY JONES #33; RNDC C.O. JOHN
DOE,

                          Defendants.

19-CV-2474 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, currently incarcerated at the Vernon C. Bain Center, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that his constitutional rights were violated at the Robert N.

Davoren Center (RNDC) on Rikers Island. By order dated March 21, 2019, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the

reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty

days of the date of this order.

**STANDARD OF REVIEW**

          The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are from Plaintiff Jackie Hodge's complaint. On August 22, 2018, Plaintiff was "working intake" at RNDC when "there was an alarm." A "Pro-Team went out" to a housing unit, and returned with four detainees who were "not secured." While Plaintiff was walking "to the pantry," one of those detainees hit Plaintiff in the eye, and "they" — presumably correction officers – "sprayed this writer and not the inmate that attacked" Plaintiff. Plaintiff was taken to medical, and he now takes anti-anxiety medication because of the attack. Plaintiff seeks money damages. (ECF No. 2 ¶ V.)

## DISCUSSION

### A.    Deliberate Indifference to Risk of Harm

Plaintiff does not indicate whether, at the time of the incident, he was a post-conviction prisoner or a pretrial detainee, and it is therefore unclear whether his claims arise under the Eighth or the Fourteenth Amendment. The Court therefore analyzes Plaintiff's claims under both frameworks.

The Eighth Amendment requires prison officials to take reasonable measures to ensure the safety of convicted prisoners, including protecting them against violence by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The failure to protect a prisoner constitutes cruel and unusual punishment when prison officials exhibit "deliberate indifference" to a substantial risk of serious harm to the inmate. *Id*. at 828; *Morales v. N.Y. State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988). To be liable for violating a prisoner's Eighth Amendment rights, prison officials must be subjectively aware of an excessive risk to inmate health or safety and disregard

it. *Farmer*, 511 U.S. at 837; *see Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) ("Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm.").

"A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citations omitted). A pretrial detainee may prevail in a claim for deliberate indifference even when a state actor merely *should have known* of the serious risk, an objective standard. *Id.* at 35 (holding that a pretrial detainee must plead that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety"); *Taylor v. City of New York*, No. 16-CV-7857 (NRB), 2018 WL 1737626, at *12 (S.D.N.Y. Mar. 27, 2018) ("Although *Darnell* involved a Fourteenth Amendment challenge to a prisoner's conditions of confinement, its holding applies with equal measure to failure to protect claims.").

The complaint does not plead facts about Deputy Jones or the unidentified correction officer, both of whom are named as defendants in this action. Plaintiff does not allege that Defendants knew that the other inmate posed a serious risk of harm to Plaintiff and were deliberately indifferent to that risk, or that Defendants should have known of such a risk. Plaintiff briefly mentions that someone "sprayed" him and not the inmate who assaulted him, but Plaintiff does not allege that Defendants sprayed him, injured him, or acted with deliberate indifference

during the spraying incident.[2] It is unclear whether the alleged incident was "objectively, sufficiently serious" or that a correction officer acted with the requisite intent. In short, Plaintiff does not plead any facts about what these two defendants personally did or failed to do that violated his rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (holding that plaintiff must allege facts showing a defendant's direct and personal involvement in the alleged constitutional deprivation).

Plaintiff thus fails to state a claim against Deputy Jones or the John Doe correction officer for either failing to protect him from a risk of serious injury, or for using excessive force against him by spraying him with a chemical agent.

## B.    Municipal Liability

Plaintiff names the City of New York as a Defendant. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir.

---

[2] A prisoner may be able to state an excessive force claim if he is injured by officers who are using force against another inmate. *See, e.g., Rodriguez v. City of N.Y.,* No. 14-CV-8647 (PGG), 2016 WL 5476003, at *4 (S.D.N.Y. Sept. 29, 2016) (adopting magistrate's recommendation to deny motion to dismiss "an Eighth Amendment excessive force claim [that was] based on a transferred intent theory"); *Bilan v. Davis,* No. 11-CV-5509 (RJS) (JLC), 2013 WL 3940562, at *7 (S.D.N.Y. July 31, 2013) (holding that allegations could *potentially* state a claim for excessive force if plaintiff were injured while officers were using excessive force against a non-party inmate), *rep't and rec. adopted by* 2013 WL 4455408 (S.D.N.Y. Aug. 20, 2013).

2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

There are no facts in the complaint implicating a municipal policy, custom, or practice. Accordingly, Plaintiff has failed to state a municipal liability claim against the City of New York.

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unclear whether the defects in Plaintiff's complaint can be cured with an amendment, the Court grants Plaintiff leave to amend his complaint, including to plead facts about what role, if any, the two defendants played in the August 22, 2018 incident.

First, Plaintiff must name as the defendants in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's claims against the City of New York

are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C.

§ 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-2474 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 1, 2019
         New York, New York

_____
         COLLEEN McMAHON
         Chief United States District Judge

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)


# COMPLAINT

(Prisoner)


Do you want a jury trial?
☐ Yes    ☐ No


---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                              Plaintiff's Signature

_____
First Name                            Middle Initial              Last Name

_____
Prison Address

_____
County, City                                        State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____